**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DIAMOND JOHNSON,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **BRIGHT WAY SERVICES, INC.,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Diamond Johnson (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Bright Way Services, Inc. (hereinafter "Defendant"), for violations of \Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Pregnancy Discrimination Act ("PDA"), the Family and Medical Leave Act of 1993, as amended ("FMLA"), the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Philadelphia, PA.
3. Upon information and belief, Bright Way Services, Inc. is provider of support services for individuals with developmental or intellectual disabilities with a location and corporate headquarters located at 295 Buck Road, Suite 110, Southampton, PA 18966.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year relevant to the matter at issue.
5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.
6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.
7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.
10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted her administrative remedies under Title VII, the PDA, and the PHRA.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender and pregnancy discrimination as well as retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2025-05729 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated May 29, 2026.

18. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

20. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. On or about May 24, 2023, Defendant hired Plaintiff in the position of Direct Support Professional ("DSP").

23. Plaintiff was well qualified for her position and performed well.

### PLAINTIFF NOTIFIED DEFENDANT OF HER PREGNANCY AND DUE DATE

24. In March 2024, Plaintiff notified Walter Suggs, Supervisor, of her pregnancy and that she was due in or around mid-September 2024.

### PLAINTIFF'S WATER BROKE AT WORK AND SHE REQUESTED FMLA LEAVE FOR HER MATERNITY LEAVE

25. On September 16, 2024, Plaintiff's water broke while at work.

26. Plaintiff completed Family and Medical Leave Act ("FMLA") leave request paperwork for her maternity leave and submitted it to Suggs.

27. Plaintiff's estimated return to work date from her maternity leave was November 1, 2024.

### PLAINTIFF CALLED HUMAN RESOURCES MULTIPLE TIMES REGARDING HER RETURN TO WORK, BUT DID NOT RECEIVE AN ANSWER

28. On or about November 1, 2024, Plaintiff called Anna Broski, Human Resources Manager, regarding her return to work.

29. However, Broski did not return Plaintiff's call.

30. Plaintiff continued to call Broski from November 2024 to January 2025, but Broski did not answer or return her calls.

**PLAINTIFF CALLED SUGGS REGARDING HER RETURN TO WORK AND BROSKI NOT RESPONDING TO HER**

31. In January 2025, Plaintiff called Suggs and informed him that she had been attempting to reach Broski regarding her return to work, but had not heard back from her.

32. Suggs informed Plaintiff that he would speak with Broski, so that she called Plaintiff.

33. However, Broski did not contact Plaintiff.

**PLAINTIFF CALLED SUGGS AGAIN REGARDING BROSKI NOT RESPONDING TO HER, BUT BROSKI DID NOT RESPOND**

34. The following week, Plaintiff called Suggs again and informed him that Broski had still not contacted her.

35. Suggs notified Plaintiff that Broski had stated that she sent Plaintiff a text message.

36. Plaintiff did not receive this supposed text message and informed Suggs of this.

37. Plaintiff then asked Suggs to have Broski call her.

38. Suggs agreed to do so.

39. However, Broski did not contact Plaintiff.

**PLAINTIFF EMAILED BROSKI AND WAS INFORMED THAT DEFENDANT DID NOT HOLD HER POSITION**

40. Approximately two (2) weeks later, Plaintiff emailed Broski that she had been trying to reach her, so that she could return to work.

41. Broski responded to Plaintiff's email that she had not heard from Plaintiff and that Defendant had not held her position.

42. Broski stated that Plaintiff had not filled out her FMLA leave application paperwork properly.

43. However, neither Broski nor any other employee of Defendant contacted Plaintiff to inform her of this.

**BROSKI SENT PLAINTIFF A TERMINATION LETTER**

44. Plaintiff requested a copy of her termination letter.

45. However, Broski did not send it until Plaintiff followed up with her.

46. On March 14, 2025, Broski sent Plaintiff her termination letter dated January 16, 2025.

47. Broski claimed that a copy of the termination letter was sent to Plaintiff's home, but she had not received it.

48. The termination letter stated that Defendant terminated Plaintiff for allegedly abandoning her position on September 16, 2024, the same day she began her maternity leave and submitted her leave paperwork.

49. In addition, the termination letter alleged that Plaintiff had used foul language at work, threatened the company and had filled out her FMLA leave paperwork improperly.

50. These allegations were not true.

51. Defendant discriminated against Plaintiff due to her gender and pregnancy, retaliated against her for requesting a reasonable accommodation in the form of maternity leave through FMLA leave and interfered with her rights under the FMLA in violation of Title VII/the PDA, the PHRA and the FMLA.

52. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – PREGNANCY DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED/PREGNANCY DISCRIMINATION ACT**

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. Plaintiff is a member of a protected class in that she was pregnant.

55. Plaintiff was qualified to perform the job for which she was hired.

56. Defendant did not provide Plaintiff with a reasonable accommodation.

57. Defendant terminated Plaintiff.

58. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

59. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

60. Defendant discriminated against Plaintiff on the basis of her pregnancy.

61. Defendant treated non-pregnant employees better than it treated Plaintiff.

62. Defendant has no legitimate non-discriminatory reason for its actions.

63. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT II – PREGNANCY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. Plaintiff is a member of a protected class in that she is pregnant.

66. Plaintiff was qualified to perform the job for which she was hired.

67. Defendant did not provide Plaintiff with a reasonable accommodation.

68. Defendant terminated Plaintiff.

69. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

70. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

71. Defendant discriminated against Plaintiff on the basis of her pregnancy.

72. Defendant treated non-pregnant employees better than it treated Plaintiff.

73. Defendant has no legitimate non-discriminatory reason for its actions.

74. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT III – SEX DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. Plaintiff is a member of protected classes in that she is female.

77. Plaintiff was qualified to perform the job for which she was hired.

78. Plaintiff suffered adverse job actions, including, but not limited to termination.

79. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

80. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

81. Defendant discriminated against Plaintiff on the basis of her protected class.

82. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

83. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

84. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – DISCRIMINATION BASED ON SEX**
**PENNSYLVANIA HUMAN RELATIONS ACT**

85. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

86. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (female).

87. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED/PREGNANCY DISCRIMINATION ACT**

88. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

89. Plaintiff engaged in activity protected by Title VII/PDA when she requested reasonable accommodations due to her pregnancy.

90. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

91. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VI – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

92. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

93. Plaintiff engaged in activity protected by the PHRA when she requested reasonable accommodations due to her pregnancy.

94. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

95. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VII – INTERFERENCE**
**FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED**

96. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

97. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

98. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for her own serious health condition.

99. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

100. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

101. Defendant’s aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot “interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under” any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

102. As a direct and proximate result of Defendant’s unlawful interference with Plaintiff’s rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

103. Plaintiff demands judgment in her favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

104. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys’ fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

**COUNT VIII – RETALIATION**
**FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED**

105. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

106. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

107. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA Leave to care for her own serious medical condition.

108. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

109. The retaliation occurred in the form of the continued implementation of a policy that discourages and interferes with Plaintiff's right to invoke her federally protected rights under the FMLA.

110. As a result of Plaintiff's attempt to invoke her FMLA rights, by requesting and utilizing her FMLA rights, Defendant has retaliated against Plaintiff by terminating her employment.

111. Defendant's motivation for retaliating against Plaintiff was connected causally to Plaintiff's FMLA leave.

112. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

113. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

114. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the

maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

115. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Diamond Johnson, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or

participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII/PDA, the FMLA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: August 27, 2026

**By: /s/ David M. Koller**

David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*